LAW Library

FILED
SUPERIOR COURT
OF GUAM

2012 DEC -5 PM 2: 03

CLERK OF COURT
BY

**IN THE SUPERIOR COURT
OF GUAM**

DR. JOEL JOSEPH,

               Petitioner,

    vs.

GUAM BOARD OF ALLIED HEALTH
EXAMINERS,

               Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Special Proceedings Case no. SP100-12

**DECISION & ORDER
Re: Motion to Stay/ *Ex Parte* Motion to
Lift Temporary Stay**

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on June 18, 2012 on Petitioner's Motion for a Stay of enforcement of administrative proceedings against him pending a Writ of Review/Writ of Mandate. The Petitioner is represented by Attorney Mitchell F. Thompson. Respondent is represented by Assistant Attorney General Benjamin M. Abrams. After considering the matters presented, the Court now issues the following decision and order granting Petitioner's motion.

## BACKGROUND

The Guam Board of Allied Health Examiners (hereinafter, "Board") issued its Final Decision, Findings of Fact, Conclusions of Law and Order on June 13, 2012. As a result of the Board's findings of numerous violations by Petitioner, Petitioner was suspended from practicing veterinary medicine for a period of five (5) years. Additionally, the Board ordered that within three (3) days of its final decision, Petitioner was to surrender his veterinarian license to the Health Professional Licensing Office.[1]

---

[1] The Court notes that the Petitioner was also ordered to comply with numerous other orders issued by the Board.

Shortly thereafter, Petitioner filed his Petition for Judicial Review/Writ of Mandate requesting the Court vacate and set aside the Board's final decision. On June 18, 2012, this Court noted that Petitioner did not serve upon the Board his Petition for Judicial Review/Writ of Mandate and Application for Order to Show Cause and Stay. Consequently, this Court granted a temporary stay, ordered Petitioner to complete such service, and granted the Board an opportunity to submit its opposition to Petitioner's motion to stay.

On July 18, 2012, Board filed its *Ex Parte* Motion for Relief from Temporary Stay. On July 30, 2012, Petitioner filed his Opposition. A hearing on whether the stay should be granted was held on August 14, 2012 and this Court took the matter under advisement. [2]

## DISCUSSION

Petitioner seeks a stay of the Board's decision pending the Court's consideration of a Writ of Review or Writ of Mandate. *See Petitioner's June 15, 2012 Memorandum of Points and Authorities*. The two terms are interchangeable. *Guiterrez v. Guam Election Comm'n*, 2011 Guam 3, 5 n.3 (2011).

A stay is an exercise of judicial discretion. *Virginian Ry. Co.*, 272 U.S 658, 672-73 (1926). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *See Nken v. Holder*, 556 U.S. 418 (2009)(quoting *Clinton v. Jones*, 520 U.S. 681 (1997)).

As this Court observed in its *June 18, 2012 Decision and Order*, four criteria are

---

[2] The Court has accepted pleadings both on the Petitioner's overarching Request for Stay filed on June 15, 2012 as well as the subsequent *Ex Parte* Motion to lift the temporary stay granted on June 18, 2012, which was filed with this Court on July 26, 2012. As the issue in both sets of pleadings is whether a stay should be granted, the Court will dispense with the issue in this Decision and Order.

relevant in considering whether to issue a stay of an administrative agency pending appeal: A) the likelihood of success on the merits; B) irreparable injury if a stay is denied; C) substantial injury to the party opposing a stay if one is issued; and D) the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The four considerations are factors to be balanced and not prerequisites to be met. *In re DeLorean Motor Company*, 755 F.2d 1223 (6th Cir. 1985). Each is discussed below.

### A. Petitioner Has Provided Sufficient Facts and Evidence to Support a Finding of His Likely Success on the Merits.

The Guam Board of Allied Health Examiners was created pursuant to the Guam Allied Health Practice Act of 1998. 10 GUAM CODE ANN. §12801 *et. seq.* (2005). The Act sets forth, among other things, the composition of the board.

> **"§ 12803. Guam Board of Allied Health Examiners.**
> (a) Creation. There is established, in and for the government of Guam, a Guam Board of Allied Health Examiners, composed of a representative from each of the professions being examined for licensure of which currently there are nine (9) members nominated and appointed *by I Maga'lahen Guåhan*, with the advice and consent of *I Liheslaturan Guåhan. I Maga'lahen Guåhan* shall appoint two (2) additional members, one (1) member for the Respiratory Therapist, and one (1) member for the Nutritionist/Clinical Dietician, and shall appoint additional members for any other allied health profession being examined for licensure that the Board includes in its licensing procedure, and specifically recommend to I *Maga'lahen Guåhan* to appoint a board member representative."

10 GUAM CODE ANN. § 12803 (2005). Guam's Open Government Law, 5 G.C.A. § 8101 *et. seq.* is made applicable to the Board.

> **"§ 8104. Definitions.**
> (a)(1) Public Agency includes any board, commission or comparable unit of government, any of whose members are elected, appointed by *I Maga'lahen Guåhan* or appointed by *I Liheslatura*."

5 GUAM CODE ANN. § 8104 (2005). The Open Government Law requires that any public agency which holds a meeting, whether regular or special meetings, "shall give five (5) working days public notice of such meeting and a second notice at least forty-eight (48) hours

prior to the start of the meeting." 5 G.C.A. §§ 8107(a), 8107(b), 8108 (2005). Additionally, "A copy of the order or notice of adjournment shall be conspicuously posted on or near the door of the place where the regular, adjourned regular, special or adjourned special meeting was held within twenty-four (24) hours after the time of the adjournment." 5 GUAM CODE ANN. § 8109 (2005).

Petitioner alleges that the Open Government Law was violated for failure to give required hearing notice. "On information and belief, it does not appear that the Board properly gave the required five-day or 48 hour notice..." *June 15, 2012 Memorandum of Points and Authorities, p.6/ 24-26.* "Further, it does not appear that the Board provided the required notice of the adjourned hearings on April 16, through 26, 2012." *June 15, 2012 Memorandum of Points and Authorities, p.7/ 1-3.*

Board argues that "in writ proceedings, verification upon information and belief is insufficient proof of facts asserted in the petition." *North Shuttle Service, Inc. v. Public Utilities Comm'n,* 67 Cal. App. 4th 386, 392 (1998). This Court agrees only to a point. It is true that a ruling of the court is to be based upon facts which may be presented to it, not upon belief. *See Star Motor Imports, Inc. v. Superior Court,* 88 Cal. App. 3d 201 (1979). However, this does not end the inquiry.

Petitioner alleges that Board has violated the Open Government Law. Board does not dispute these allegations. Instead, the Board characterizes the Declarations which contain the allegations as self-serving, seeking to draw the Court's attention to the Board's records of the proceedings. *See Memorandum in Opposition p. 8-9.* Board is tasked with maintaining these records pursuant to their procedures for enforcement and disciplinary action as well as Guam's Open Government Law. *See* 10 G.C.A. § 12210(c) and 5 G.C.A. § 8113. The record,

however, was made available neither to the Court nor to the Petitioner even up to such time as oral arguments were heard on the matter. This Court is not convinced that it should simply disregard factual assertions signed under penalty of perjury and which remain, quite simply, undisputed.

"It is never easy to prove a negative." *Elkins v. United States*, 364 U.S. 206, 218 (1960). This is exactly what Board asks Petitioner to do: Board asks that Petitioner prove public notice was not disseminated. However, the Board is in the best position to offer any proof on this matter. Petitioner has alleged that Board did not give public notice and Board has offered nothing to refute the allegation, despite the ease with which it can do so. If notice were actually given, a simple production of the notice would suffice to overcome Petitioner's allegations. The absence of notice leads this Court to find there is a strong likelihood that no such notice was given.

The Open Government Law provides that "[a]ny action taken at a meeting in violation of any Section of this Chapter shall be void and of no effect." 5 GUAM CODE ANN. § 8114 (2005). Based on the reasons set forth above, this Court finds that there is a sufficient amount of evidence to support a finding that the Board violated provisions of the Open Government Law. As such, Petitioner has demonstrated that under Writ of Review standards, he is likely to succeed on the merits.

**B. Petitioner Will Suffer Irreparable Injury if a Stay is Denied.**

"A determination of irreparable harm typically focuses on categories of harm that do not easily lend themselves to monetary compensation." *Sule v. Guam Board of Examiners for Dentistry, et al.*, 2011 Guam 5 ¶ 12. Petitioner alleges that he will suffer harm in the closure of his clinic and in the displacement of employees. *See June 15, 2012 Memorandum of Points*

*and Authorities* p. 31 ¶ 2. At oral arguments, Petitioner claimed the severity of Board's sanctions would lead to Petitioner's inability to re-open his clinic even if he were to succeed in the Writ proceedings. *See August 14, 2012 Hearing at 1:50:14.* The Court finds that this is sufficient to constitute an irreparable injury.

**C. Board Will Not Suffer Substantial Injury if a Stay is Issued.**

Board relies on 5 G.C.A. § 30103, the Common Law Powers of Attorney General, in formulating the argument that the people of Guam are those whose interests will be substantially injured by the stay and as a result, the real party in interest is the People of Guam. *See July 2, 2012 Memorandum in Opposition at page 3.* In doing so, Board seeks to merge the discussion of this factor, the injury to the party opposing the stay, into the public interest factor. This Court does not agree with the Board's argument.

There is no doubt that the Office of the Attorney General of Guam does its work for the benefit of the People of Guam. So, too, does the Board. However, the mere fact that the Attorney General's Office is working on behalf of the Board does not equate to a change in the real party in interest. The focus of the inquiry is on the injury to the Board, not who represents it. Board's rights would be the same if it had engaged in the services of private attorneys or its own full-time attorney as authorized by 10 G.C.A. § 12203(i). There is no allegation of any substantial injury to the Board and this Court does not find such injury is likely.

**D. The Public Interest Lies with Granting the Stay.**

Board cites to its Final Decision, Findings of Fact and Conclusions of Law and Order in formulating its public interest argument. Board has found numerous violations of professional conduct and other standards made by Petitioner. *See Memorandum in Opposition at pp. 34-35.* Additionally, Board relies on the purpose behind its creation as a basis for the public interest in

the Board's actions in this matter.

> "The primary purpose of the Act is to protect the public against unprofessional, improper, incompetent, unlawful, fraudulent or deceptive practices by person who practice the healing art."

10 Guam Code Ann. § 12801(b) (2005). The Court notes that despite the admirable nature of Board's creation, none of Board's findings are valid or enforceable if they were made in violation of the Open Government Law.

Public agencies such as the Board must adhere to Open Government requirements. As discussed *supra*, "[a]ny action taken at a meeting in violation of any Section of this Chapter shall be void and of no effect." 5 G.C.A. § 8114. The Court finds these considerations place the public interest in granting a stay.

## CONCLUSION

Based on the foregoing, Petitioner's motion to stay enforcement of Board's Findings of Fact and Conclusions of Law and Order pending Writ of Review/ Writ of Mandate is hereby GRANTED.

Subsequent to the hearing on this month, transcripts for the proceedings before the GBAHE were filed with the Court. The Court hereby sets the following scheduling order: Petitioner's opening brief is due on or before _1/4/13_. Respondent's opposition is due on or before _2/1/13_. Petitioner's reply brief is due on or before _2/15/13_.

The Court will set the matter for argument on _2/21/13 @ 1:30pm_.

SO ORDERED, this _5th_ day of _December_ 2012.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

DEC – 5 2012

Page 7 of 7